UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2025
```

ATLANTICARE MANAGEMENT, LLC,
d/b/a PUTNAM RIDGE,

                Plaintiff,

-against-

SCOTTSDALE INSURANCE COMPANY,

                Defendant.

24-cv-3956 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Atlanticare Management, LLC d/b/a Putnam Ridge ("Putnam Ridge" or "Plaintiff") initiated this action on May 22, 2024 (ECF No. 1), bringing forth a claim of brief of contract and seeking declaratory judgment against Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant").

    Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is GRANTED without prejudice.

## BACKGROUND

    The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

    Plaintiff Putnam Ridge is a limited liability company incorporated in New York. (Compl. ¶ 1.) Defendant Scottsdale Insurance Company is an insurance company incorporated in Ohio, with its principal place of business in Arizona. (*Id*. ¶ 3.) Putnam Ridge operates a nursing and rehabilitation facility in Brewster, New York. (*Id*. ¶ 8.) As part of its employees benefits program, Putnam Ridge offers its employees self-insured health care benefits (the "Plan"). (*Id*. ¶ 9.) In order

1

to remain covered in the Plan, employees are required to contribute premiums. (*Id*. ¶ 10.) Putnam Ridge entered into a Network Service Agreement ("NSA") with Cigna Health and Life Insurance Company ("Cigna"), allowing for Putnam Ridge employees in the Plan to receive care from providers within Cigna's network. (*Id*. ¶ 12.) Westchester County Health Care Corporation (the "Hospital") is a participating provider in Cigna's network, meaning Putnam Ridge's employees in the Plan can receive treatment and care from the Hospital. (*Id*. ¶ 15.)

Putnam Ridge was insured under a Senior Care Liability Insurance package policy issued by Scottsdale Insurance Company (the "Policy"). (*Id*. ¶ 27.) The Policy provides Putnam Ridge Employee Benefits Liability ("EBL") coverage with limits of $1,000,000 per claim and $3,000,000 in the aggregate. (*Id*. ¶ 28.) The EBL coverage states that:

> "[Scottsdale] will pay those sums that [Putnam Ridge] becomes legally obligated to pay as damages because of any act, error or omission, of [Putnam Ridge] or of any other person for whose acts [Putnam Ridge] is legally liable, to which this insurance applies. [Scottsdale] will have the right and duty to defend [Putnam Ridge] against any "suit" seeking those damages . . . This insurance applies to damages only if: (1) [t]he act, error or omission is negligently committed in the 'administration' of your 'employee benefit program.'" (*Id*. ¶ 29.)

The Policy offers the following pertinent definitions:

> Administration is defined as: "[p]roviding information to 'employees,' including their . . . beneficiaries, with respect to eligibility for or scope of 'employee benefit programs.'" (*Id*. ¶ 30.)
>
> A claim is defined as "any demand, or 'suit,' made by an 'employee' or an 'employee's' . . . beneficiaries, for damages as the result of an act, error or omission." (*Id*. ¶ 32.)
>
> An employee is defined as a "person . . . formerly employed" by Putnam Ridge." (*Id*. ¶ 33.)

On or about March 24, 2021, an employee of Putnam Ridge stopped consistently appearing for work. (*Id*. ¶ 17.) Consequently, on or about March 31, 2021, the employee was no longer eligible for the Plan benefits. (*Id*. ¶ 18.) On or about June 22, 2021, the employee went to the

2

Hospital to receive medical treatment and care. (*Id*. ¶ 19.) The Hospital was wrongfully informed that the employee was actively enrolled in the program, and, in accordance with such a status, provided the employee with medical care in the amount of approximately $1.6 million. (*Id*. ¶¶ 20, 21.)

After the employee was discharged, the Hospital submitted a claim (the "claim") for reimbursement to Cigna, but Cigna refused to pay the claim, alleging that Putnam Ridge was responsible for payment of the Hospital's claim because the employee was enrolled in the Plan sponsored by Putnam Ridge. (*Id*. ¶ 22.) The employee attempted to have Putnam Ridge pay the claim, but Putnam Ridge advised the employee that she was no longer enrolled in the program due to failure to pay premiums. (*Id*. ¶ 23.) The employee assigned her right to seek insurance coverage under the Plan to the Hospital. (*Id*. ¶ 24.) On October 23, 2023, the Hospital commenced a lawsuit against Cigna and Putnam Ridge seeking to recover payment for the employee's treatment, currently pending in the Supreme Court of New York, County of Westchester, Index No. 64114/2023 (the "Underlying Action"). (*Id*. ¶ 25.)

Putnam Ridge states that the Hospital is a third-party beneficiary of the employee. (*Id*. ¶ 35.) Furthermore, Putnam Ridge states that "[u]pon information and belief, the allegations in the Underlying Action give rise to a duty to defend" and "indemnify Putnam Ridge . . . [under] the Scottsdale Policy." (*Id*. ¶¶ 37, 38.) Putnam Ridge provided timely notice of the relevant claim to Scottsdale. (*Id*. ¶ 39.) Scottsdale acknowledged receipt of Putnam Ridge's claim notice "concerning errors arising in the administration of the facilities employee benefit program that may give rise to a future claim." (*Id*. ¶ 40.) Upon the commencement of the Underlying Action, Putnam Ridge tendered the suit to Scottsdale, demanding that Scottsdale provide a defense of and indemnify Putnam ridge under the Policy. (*Id*. ¶ 41.) Scottsdale denied Putnam Ridge coverage,

stating that the Underlying Action did "not appear to implicate the Employee Benefits Liability coverage part" of the Policy. (*Id*. ¶ 43.) Putnam Ridge appealed Scottsdale denial of coverage. (*Id*. ¶ 44.) Scottsdale declined to reverse its denial of coverage. (*Id*. 45.)

Based on the foregoing, Putnam Ridge brings forth a claim for breach of contract and a claim seeking declaratory relief against Scottsdale.

## PROCEDURAL HISTORY

On May 22, 2024, Plaintiff commenced this action against the Defendant in its Complaint. (ECF No. 1.) The Defendants filed its motion to dismiss and memorandum of law in support on September 9, 2024 ("Mot.") (ECF Nos. 17 and 18.) Plaintiff filed its opposition to Defendant's motion on September 9, 2024 ("Opp.") (ECF No. 19.) Defendant filed its reply in further support of its motion on September 9, 2025 ("Reply") (ECF No. 21.)

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it

4

as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings forth a claim for breach of contract and for declaratory relief. The Court addresses them in turn.

### A. Breach of Contract Claim

To state a *prima facie* case for breach of contract under New York law, a plaintiff must show: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996).

The dispute in the present action centers around whether there was a breach of contract by Scottsdale in its refusal to defend and indemnify Putnam Ridge pursuant to the Policy. The Court must find that, as currently written, even construing the Complaint liberally and in favor of Putnam Ridge, the Complaint does not plausibly allege a breach of contract claim.

Scottsdale's obligations to Putnam Ridge imposed by the Policy are only triggered if a claim is brought forth made by an "employee" or an "employee's" dependents or beneficiaries, and the claim seeks to recoup damages sustained as a consequence of an act, error or omission negligently committed in the administration of the Plan. (Compl. ¶¶ 28-34.) Here, the claim is

being brought by the Hospital, as the Hospital seeks to recover the cost of treatment administered to the employee discussed *supra*. (*Id*. ¶ 21.) Putnam Ridge argues the Hospital is a beneficiary of the Plan by way of the employee "assign[ing] her right to seek insurance coverage pursuant to the Plan to the Hospital." (*Id*. ¶ 23.)

While the contract does not specifically define who exactly qualifies as a beneficiary of the Plan, Scottsdale is correct to note that the absence of a definition does not render a contractual term *per se* ambiguous. Caselaw is clear that "the lack of definition of course does not render a word ambiguous." *Michael Cetta*, *Inc. v. Admiral Indem. Co.*, 506 F. Supp. 3d 168, 176 (S.D.N.Y. 2020). Rather, "it is common practice for the courts . . . to refer to the dictionary to determine the plain and ordinary meaning of words to a contract." *Mazzola v. Cnty. of Suffolk,* 533 N.Y.S.2d 297, 297 (1988).

The Court does just that here; "beneficiary" according to Merriam Webster's Dictionary is "the person (as in an insurance policy) to receive proceeds or benefits." (Mot. p. 6.) Such a definition would foreclose the Hospital qualifying as a beneficiary under the Plan, meaning that Scottsdale would not be obligated to defend and indemnify Putnam Ridge in the Underlying Action and therefore would not be in breach of a contract for refusal to do so. Second Circuit caselaw further underscores that healthcare providers, like hospitals, are not "beneficiaries" for the purposes of contracts such as the Plan in the instant action. In *Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253 (2d Cir. 2015), the Second Circuit held that healthcare providers such as doctors and hospitals are not "beneficiaries"; "benefits to which a beneficiary is entitled are bargained-for goods, such as 'medical, surgical or hospital care,' **rather than a right to payment for medical services rendered. A beneficiary is best understood as an individual who enjoys rights equal to the participant's to receive coverage from the healthcare plan. A participant's spouse or**

**child is the most likely candidate for this term."** *Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 258 (2d Cir. 2015) (emphasis added). Here, Putnam Ridge's argument that the Hospital is a beneficiary pursuant to the Plan is fatally deficient, as Putnam Ridge's argument solely rests on the Hospital being able to seek payment for the medical services rendered to the employee. *Rojas* is abundantly clear that such an entitlement does not make an individual a beneficiary within a plan of the kind at issue in the instant action. *Rojas.*, 793 F.3d 253 at 258. The Hospital having "the right to payment does not a beneficiary make." *Id*. at 258.

It might be that Putnam Ridge may amend the Complaint so as to allege that the Hospital qualifies as a beneficiary of the employee pursuant to the Plan such that a claim for a breach of contract may be brought forth. However, as currently written, and in light of *Rojas*, the Complaint does not offer allegations sufficient for the Court to conclude that the Hospital is a beneficiary under the Plan, which therefore means that Scottsdale was not obligated to defend and indemnify Putnam Ridge in the Underlying Action and was not in breach of its contract with Putnam Ridge when it refused to provide coverage. Accordingly, the Court dismisses without prejudice Putnam Ridge's breach of contract claim.

B. **Declaratory Relief**

Under the Declaratory Judgment Act, the Court is empowered to "declare the rights and other legal relations of any interested party seek[ing] such a declaration" in the event of an "actual controversy." 28 U.S.C. § 2201(a). When deciding whether to exercise the Court's "'permissive jurisdiction, a district court may consider equitable, prudential, and policy arguments, . . . and must examine the situation in its entirety.'" *Clear Channel Outdoor, LLC v. City of New Rochelle*, No. 20 CIV. 9296, at *13 (NSR), 2024 WL 2058645 (S.D.N.Y. May 7, 2024) (quoting *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, 676 F. Supp. 3d 233, 254 (S.D.N.Y. 2023)). In

particular, "[a] court must also consider (1) whether the judgment will serve as a useful purpose in clarifying or settling the legal issues involved and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Id*.

Given the Court has found that, as currently written, the Complaint does not allege a plausible breach of contract claim, the Court is, by extension, left without a basis to award declaratory relief as there is currently no breach of contract to remedy. Thus, the Court grants Defendant's motion to dismiss Plaintiff's claim for declaratory relief without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss breach of contract and declaratory judgment claim without prejudice. Plaintiff is granted leave to file an Amended Complaint by June 29, 2025. Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that it wishes to pursue must be included in, or attached to, the Amended Complaint. Should Plaintiff file an Amended Complaint, the Defendant is directed to answer or otherwise respond by July 24, 2025.

If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17.

Dated: May 29, 2025　　　　　　　　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge